Belknap,
Dec. 7, 1920.

### Jason H. Cotton & a. v. Alice A. Cotton.

A definite description in a deed is not to be limited by a clause therein that "said piece of land is to contain one acre by measure," in the absence of competent evidence establishing that it was intended the description should include no more.

WRIT OF ENTRY. Facts found by a referee. By deed dated October 30, 1856, Jeremiah Leavitt conveyed to Samuel Hadley a piece of land in what is now Belmont by the following description: "A certain tract or parcel of land, situate in said Gilmanton, & is a part of lot No. 9 in the 10th range of hundred acre lots, in the Upper Parish, in said town, & bounded as follows: beginning at the westerly corner of Bradford Hadley's land on the road leading by the dwelling house of James Rundlett, thence northeasterly on said Bradford's land about eleven rods to a stone wall which divides my pasture from my field, thence northwesterly on said wall about sixty rods, to another wall which divides my two fields, thence south-westerly on said wall about eighteen rods, to the aforesaid road, thence southeasterly on said road about sixty rods to the bound begun at." By deed dated November 5, 1856, recorded September 22, 1863, Samuel Hadley conveyed to John O. Cotton a piece of land off the southeasterly end of the land he got of Leavitt with the following description: "A certain tract or parcel of land situate in said Gilmanton and bounded as follows: southeasterly by Bradford Hadley's land, northeasterly by Jeremiah Leavitt's land fourteen rods to a stake and stones, thence southwesterly to the road leading by said Hadley's dwelling house, thence

southeasterly fourteen rods to the aforesaid Bradford Hadley's land. Said piece of land is to contain one acre by measure." By deed dated September 19, 1863, recorded September 22, 1863, Samuel Hadley conveyed to his daughter, Amanda J., the wife of John O. Cotton, the balance of the land conveyed to him by Leavitt.

The controversy is as to the location of the westerly line of the land conveyed to Cotton by Hadley. The stake and stones on Jeremiah Leavitt's land mentioned in the deed as the starting point of the line cannot now be located. The plaintiffs claim the clause in the deed, "said piece of land is to contain one acre by measure," is controlling and that the line should be located parallel to the line of Bradford Hadley's land so as to include exactly one acre by measure.

The defendant claims that the line should be located at its two extremities on Jeremiah Leavitt's land and the highway fourteen rods from Bradford Hadley's land. If the westerly side of the tract is so located the tract contains eighteen rods more than an acre.

There are no extrinsic circumstances to control or affect the construction of the second deed, except the impracticability of now determining the location of the stake and stones therein mentioned as a bound, and the question of the location of the line in dispute by construction of the deed of Samuel Hadley to Cotton is referred to the court by the referee. Transferred without ruling by *Marble,* J., from the March term, 1920, of the superior court.

*Cox & Fowler,* for the plaintiffs.

*Owen & Veazey,* for the defendant.

PARSONS, C. J. The location of the disputed line is definitely determined by the deed. The northerly end is on Jeremiah Leavitt's land, fourteen rods from Bradford Hadley's land, and the southerly end on the highway the same distance from Hadley's land. There is no necessary conflict between this location and the clause "said piece of land is to contain one acre by measure." The boundaries set forth in the deed include one acre by measure. The deed does not say the tract shall contain one acre and no more nor does it attempt to locate the third side of the tract so as to contain only one acre. If a tract, laid out according to the lines given and their length, contained less than one acre, there would be ground for claim of conflict. Taking the deed most strongly against the grantor, the clause might be well understood as warranting at least one acre to

the grantee. But upon applying the deed to the land, the grantee gets all the grantor conveyed to him. The definite description in the deed.is not to be limited by a statement that the grantee is to have an acre, in the absence of competent evidence establishing that it was intended he should have no more.

*Case discharged.*

All concurred.